**Ronnie Dale ESTES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3-86-029-CR.**

Court of Appeals of Texas,
Austin.

Sept. 17, 1986.

James H. Kreimeyer, Kreimeyer, Cain & Jezek, Belton, Tex., for appellant.

Arthur C. Eads, Dist. Atty., James Russell, Administrative Asst., Belton, Tex., for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

A jury found appellant guilty of murder and assessed punishment at imprisonment for forty-five years. Tex.Pen.Code Ann. § 19.02 (1974). The jury further found, in answer to a special issue, that appellant used a deadly weapon during the commission of this offense.

In his only ground of error, appellant contends the trial court erred by omitting from the charge at the punishment stage the instruction on the law of parole mandated by Tex.Code Cr.P.Ann. art. 37.07 § 4(a) (Supp.1986). Appellant did not object at trial to this omission.

■ Where no objection is made at trial, an error in the charge will require reversal only if the error is so egregious and created such harm that the accused was denied a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Cr.App.1984). In his brief to this Court, appellant does not even suggest that he was harmed by the omission of the parole charge, and we do not perceive any harm to appellant from our examination of the record as a whole. In the absence of any

apparent harm to appellant, and in light of the serious questions that have been raised concerning the constitutionality of art. 37.-07 § 4, [1] we hold that the trial court did not commit fundamental error by failing to give the statutory charge on the law of parole.

The judgment of conviction is affirmed.

---

1. *See Rose v. State,* No. 5–85–1136–CR, Tex. App.—Dallas, August 11, 1986 (not yet reported), in which it was held that to *give* the charge denies the accused a fair and impartial trial. Had the trial court given the charge mandated by art. 37.07 § 4(a), we have little doubt that appellant's able counsel on appeal would have presented to this Court a constitutional challenge to the statute similar to that made in *Rose.* Because the question is not before us, we express no opinion on the constitutionality of art. 37.07 § 4.